# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 16-1453

---

ISLAND CREEK COAL COMPANY,

    Petitioner,

   v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; PEGGY A. CONLEY, widow of, and on behalf of, the Estate of Donald D. Conley,

    Respondents.

---

On Petition for Review of an Order of the Benefits Review Board.  (15-0171 BLA; 15-0173 BLA)

---

Submitted:  December 19, 2017     Decided:  February 12, 2018

---

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

William S. Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioner. Evan B. Smith, APPALACHIAN CITIZENS' LAW CENTER, Whitesburg, Kentucky, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Island Creek Coal Company petitions for review of the decision and order of the Benefits Review Board ("Board") affirming the Administrative Law Judge's ("ALJ") award of benefits to Donald Conley's estate pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901-944 (2012). The ALJ concluded that Island Creek failed to rebut the statutory presumption that Conley's work as a coal miner for over fifteen years entitled him to benefits. Island Creek challenges, among other points, the ALJ's reliance on various provisions in the regulatory Preamble to discredit the opinions of Dr. David Rosenberg and Dr. James R. Castle. Notably, Island Creek argues that the ALJ erred in discounting Dr. Rosenberg's and Dr. Castle's assessments of the significance of the $FEV_1$/FVC ratio in determining whether a miner suffers from smoke-induced or dust-induced chronic obstructive pulmonary disease (COPD).

We placed this petition in abeyance pending decision in *Westmoreland Coal Co. v. Stallard*, 876 F.3d 663 (4th Cir. 2017). As *Stallard* recently issued, Island Creek's petition is ripe for disposition.

Our review of the Board's decision is limited to considering "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [Board] and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted). "As

2

part of determining whether substantial evidence supports the ALJ's factual determinations, we must address whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Mingo Logan Coal Co. v. Owens*, 724 F.3d 550, 557 (4th Cir. 2013) (internal quotation marks omitted). We must "defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions" and may not "substitute our judgment for that of the ALJ." *Harman Mining Co. v. Dir., Office of Workers' Comp. Programs*, 678 F.3d 305, 310 (4th Cir. 2012) (internal quotation marks omitted).

In *Stallard*, we reaffirmed our prior decisions recognizing that an ALJ "may look to the Preamble in weighing medical opinions and addressing the cause of a claimant's disabling lung disease." 876 F.3d at 667. We recognized that, as "[t]he product of notice-and-comment rulemaking," the medical conclusions underlying the Department of Labor's regulations, as detailed in the Preamble, are entitled to "substantial deference." *Id.*

We endorsed in *Stallard* the ALJ's finding that "Dr. Rosenberg's hypothesis regarding $FEV_1/FVC$ ratios runs directly contrary to the agency's own conclusions in this regard." *Id.* at 671. We explained that the "Preamble cites various studies indicating that coal dust exposure *does* result in decreased $FEV_1/FVC$ ratios" and that "[t]he Preamble is consistent with the corresponding regulation permitting claimants to demonstrate entitlement to Black Lung Act benefits based on a reduced $FEV_1/FVC$ ratio." *Id.* We also criticized Dr. Rosenberg's interpretation of studies predating the Preamble. *Id.* at 671–72. We further determined that "the more recent studies" upon which Dr.

3

Rosenberg relied "do not address black lung disease at all and thus offer little support for Westmoreland's argument that the ALJ erred in disregarding Dr. Rosenberg's opinion." *Id.* at 672. In light of this analysis, we similarly conclude that the ALJ in this case did not err in discounting both Dr. Rosenberg's and Dr. Castle's theory that the etiology of a miner's COPD can be deduced through $FEV_1/FVC$ ratio patterns.

We have reviewed the parties' submissions and the record in this case and find no merit to Island Creek's remaining challenges to the ALJ's award of benefits. Accordingly, we deny the petition for review for the reasons stated by the Board. *Island Creek Coal Co. v. Dir., Office of Workers' Comp. Programs*, Nos. 15-0171 BLA, 15-0173 BLA (B.R.B. Apr. 22, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*